# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO REYES-NAVARRO,<br><br>                 Plaintiff(s),<br>vs.<br>UNITED STATES OF AMERICA ,<br><br>                 Defendant(s). | 3:12-cr-02141-LAB/<br>CASE NO. 3:14-cv-2922-LAB<br><br>**ORDER DENYING PETITION TO VACATE UNDER 28 U.S.C. § 2255** |

On September 14, 2012, this Court sentenced Antonio Reyes-Navarro to 48-month imprisonment following his guilty plea for attempting to enter the United States after deportation, in violation of 8 U.S.C. § 1326. *See United States v. Reyes-Navarro*, No. 12-cv-2141-LAB. The United States Court of Appeals for the Ninth Circuit subsequently affirmed his conviction. *See United States v. Reyes-Navarro*, No. 12-50438 (9th Cir. April 10, 2014). On December 10, 2014, Reyes-Navarro moved this Court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. He seeks the reduction on the ground that he recently became aware of the law that would allow him to apply for the U.S. citizenship. Reyes-Navarro argues that if his citizenship application were accepted, his sentence would be reduced.

Under 28 U.S.C. § 2255, a district court may re-sentence a defendant if it concludes that "the sentence was imposed in violation of the Constitution or laws of the United States,

or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Even though section 2255 allows for broad collateral review, a mere error of law will not provide a basis for relief "unless that error resulted in a complete miscarriage of justice or in a proceeding inconsistent with the rudimentary demands of fair procedure." *Hamilton v. United States*, 67 F.3d 761, 763-64 (9th Cir. 1995) (citing *United States v. Timmreck*, 41 U.S. 780, 783-84 (1979)).

Reyes-Navarro's petition is without merit. To begin with, the Court is not aware of any law that would have allowed a convicted defendant such as Reyes-Navarro to apply for the U.S. citizenship at the time of his sentencing. There is no such a law now, either. Even assuming that there is such a new law that the Court is not yet aware of, the Court's failure to apply a rule that had not been effective at the time of sentencing does not entitle Petitioner to relief under section 2255. *See Hamilton*, 67 F.3d at 764 (citing *United States v. Towe*, 26 F.3d 614 (5th Cir. 1994)) ("[T]he district court's failure to apply a guideline that was not effective at the time of sentencing does not give rise to a complete miscarriage of justice."). Reyes-Navarro's petition is accordingly **DENIED**.

Rule 11 of the Rules governing Section 2254 and Section 2255 proceedings directs a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253. The Supreme Court explained that the "substantial showing" standard means "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Here, Petitioner has not met the "substantial showing" standard with respect to his

//
//
//
//

claim. Accordingly, the Court **DENIES** certificate of appealability as to all claims asserted by Petitioner in his motion.

**IT IS SO ORDERED**.

DATED: December 17, 2014

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge